```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF VERMONT
```

```
UNITED STATES OF AMERICA    :
                            :
     v.                     :       File No. 1:07-CR-3
                            :
CRAIG BETHEA                :
_____ :
```

RULING ON DEFENDANT'S MOTION TO DISMISS
(Paper 22)

I.  Introduction

Now before the Court is Defendant Craig Bethea's Motion to Dismiss the indictment based on an alleged violation of Fed. R. Crim. P. 5(a).[1]  On September 19, 2007 the Court heard oral argument on Defendant's motion; neither party introduced testimonial evidence.  For the reasons set forth below, Defendant's motion is denied.

II.  Background

The following dates and procedural history underlying Defendant's motion are undisputed.

On April 13, 2006 Defendant was arrested by members of the Southern Vermont Drug Task Force and state drug charges were filed against him.

---

[1] Also pending are Defendant's motions to suppress, which the Court will address in a separate ruling.

While in state custody, on November 27, 2006 the federal government used the same conduct justifying the state charges to file its own criminal complaint against Defendant for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); an arrest warrant was issued that day.

On November 29, 2006 the United States Marshal placed a detainer against Defendant with the Marble Valley Regional Correctional Facility.  The detainer, in typical fashion, requested notification prior to Defendant's release from state custody so that the Marshals Service could assume custody of him.

On December 7, 2006 the state court dismissed the charges against Defendant.[2]

On December 27, 2006 the United States Marshal received notice from the Vermont Department of Corrections that there were no pending state charges rendering Defendant available to be taken into federal custody.  The next day, December 28, 2006, the United States Marshal executed the arrest warrant and took Defendant into federal custody.

On December 29, 2006 Defendant had his initial appearance before Magistrate Judge Jerome J. Niedermeier.

---

[2]Defendant's motion indicates the charges were dismissed on December 4, 2006 but the record shows otherwise.

III. <u>Discussion</u>

Defendant moves for dismissal of the indictment under Fed. R. Crim. P. 5(a)[3] arguing that instead of being timely brought before a magistrate judge, he was left to languish in state prison from December 7, 2006 to December 28, 2006.  Importantly, Defendant is not seeking suppression as a remedy because he did not make any incriminating statements after the state charges had been dismissed.

Dismissal is not warranted for at least two reasons.  First, the Court finds no Rule 5(a) violation on the existing record. "Rule 5(a) attaches only after the accused is taken into federal custody."  <u>United States v. Rivas-Lopez</u>, 988 F. Supp. 1424, 1428 (D. Utah 1997).  In the absence of a showing that state officers and federal officials were colluding to sidestep the Federal Rules, it seems clear that December 28, 2006, the date the federal arrest warrant was executed, is the triggering date for Rule 5(a).  Bolstering this conclusion is that, at least in the context of the Speedy Trial Act, courts consistently find a defendant is not considered to be federally arrested until state authorities deliver the defendant to the federal authorities for federal prosecution.  <u>See</u>, <u>e.g.</u>, <u>United States v. Shahryar</u>, 719 F.2d 1522, 1524 (11th Cir. 1983).  Viewed in this way,

---

[3]Rule 5(a)(1)(A) provides in relevant part that "[a] person making an arrest . . . must take the defendant without unnecessary delay before a magistrate judge[.]"

Defendant's December 29, 2006 initial appearance is in harmony with Rule 5(a).

Second, even if Defendant could show a Rule 5(a) violation, dismissal would not be warranted.  Defendant cites only one case in which a court employed dismissal in the face of a Rule 5(a) violation.  United States v. Osunde, 638 F. Supp. 171 (N.D. Cal. 1986), however, is readily distinguishable as it involved a defendant being held in custody for 106 days before appearing in front of a judge.  Further, in the wake of Osunde, courts closer to home than northern California have steadfastly refused to entertain dismissal as a remedy, even when lengthier delays than the one complained of here were at issue.  See, e.g., United States v. DiGregorio, 795 F. Supp. 630, 634 (S.D.N.Y. 1992) (explaining that suppression is the appropriate remedy for a Rule 5(a) violation and denying motion to dismiss where defendants were not brought before a judicial officer for approximately five months); United States v. Dyer, 325 F.3d 464, 470 n.2 (3d Cir. 2003) (stating "even if the government had violated [Rule 5(a)], the remedy for such a violation is not dismissal of the indictment.").  Accordingly, the Court finds dismissal would be an inappropriate remedy even if a violation had been shown.

IV.  Conclusion

For these reasons, Defendant's Motion to Dismiss (Paper 22) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of October, 2007.

                                  /s/ J. Garvan Murtha
                                  J. Garvan Murtha
                                  United States District Judge