```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT


UNITED STATES OF AMERICA    :
                            :
     v.                     :         File No. 1:07-CR-03-01
                            :
CRAIG BETHEA                :
_____ :
```

### RULING ON DEFENDANT'S MOTION TO DISMISS
(Paper 35)

Now before the Court is Defendant Craig Bethea's Motion to Dismiss the indictment based on an alleged government violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). For the following reasons, Defendant's motion is denied.

Defendant's motion is premised on a September 2007 conversation between Tia Williams and an investigator working with defense counsel. During this conversation, Ms. Williams explained that in July 2007, she allegedly told the government that: (1) she had observed Ranee Shakir trafficking drugs at the 115 Branch Street residence but only saw Defendant playing video games; (2) Kenneth Kearney supplied Ms. Shakir with drugs including a large quantity brought into the residence shortly before agents searched the residence; (3) when Defendant returned to the residence from New York shortly before agents searched it, he was not carrying any parcels or other baggage; and (4) Ms.

1

Shakir engaged in other ongoing drug activity which did not appear to involve Defendant.

For its part, the government is completely surprised by this revelation and denies Ms. Williams ever relayed this information in July or at any other time.

"There are three components of a true Brady violation:  The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."  Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

Here, the government has made a good faith representation that Ms. Williams never made the statements she claims to have made in July.  If so, the government can hardly be faulted for not disclosing evidence it did not have in its possession.  Even so, assuming Ms. Williams made the statements to the government, Defendant is unable to demonstrate prejudice.  In the Brady context, prejudice focuses on "whether the information was discovered in enough time for its effective use at trial." United States v. Basciano, 2006 WL 845563, at *2 (E.D.N.Y. Mar. 30, 2006) (citations omitted).  The present situation is not one in which witnesses or statements are discovered or produced on the eve of or during trial.  In fact, quite the opposite is true. Defendant has known of the information for at least one month.

This case has not been set for trial and in light of recently filed motions, it will not be on the next trial calendar. Therefore, there will be more than enough opportunity to assess the information, investigate further, and otherwise fully prepare for trial.

Accordingly, Defendant's Motion to Dismiss (Paper 35) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 5th day of November, 2007.

                                /s/ J. Garvan Murtha
                                J. Garvan Murtha
                                United States District Judge